## Galich *v.* Kostra, Appellant.

Argued April 20, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*H. A. Wilkison,* of *Akens & Wilkison,* for appellant.

*Robert L. Wallace,* for appellee.

OPINION BY LINN, J., July 8, 1931:

This appeal is from judgment for the plaintiff in an action for slander. Defendant is alleged to have said, inter alia, that "Emma Galich is a whore," (Davis v. Carey, 141 Pa. 314, 323). She averred that the words were uttered in a foreign tongue and gave the quoted translation of them in her statement of claim.

The only complaints now for review are thus stated by appellant:

"1. Can a plaintiff in action for slander who declares on words spoken in foreign language, as 'Austrian words,' offer in evidence words spoken in the Croatian language?

"2. Can such a plaintiff who declares on words spoken in the third person, offer in evidence words spoken in the second person?"

1. On this record it is immaterial which of the two adjectives was used to describe the language. The witnesses who testified to publication, and the plaintiff and the defendant, understood the tongue in which the words were uttered, and some of them testified that the Austrian language was the same as Croatian. It was for the jury to determine what was uttered and what its translation was, (cf. Harter v. Whitebread, 38 Pa. Superior Ct. 10); the verdict settles the facts. The complaint is without merit.

2. The other point arose on defendant's motion to strike out part of the evidence of a witness named Mike Percic. He, like other witnesses, was of foreign extraction. He testified to the slander substantially as laid in the statement of claim. But at one point in his testimony, after stating what defendant said in the foreign tongue, the witness gave a narrative translation of the words that would indicate that they were spoken to Emma Galich, instead of, about her; that evidence defendant moved to have stricken out on the ground that words laid in the third person are not supported by proof of words spoken in the second. (McConnell v. McCoy, 7 S. & R. 223.) The learned trial judge refused the motion, saying "You should keep in mind that this witness doesn't talk English fluently and allowance should be made accordingly." The witness testified that the words were uttered in his home, and his evidence shows that the plaintiff was not present at the time. In the circumstances, therefore, we think there was no harm in refusing to strike out the answer. The court was aware of the rule applied in McConnell v. McCoy, supra, because he also applied it in striking out all of the evidence of the witnesses Wasil Nosik and Matt Dorich who testified to alleged slander in the second person on a date other than that described by Percic.

No complaint is made here of the manner in which the case was submitted to the jury.

Judgment affirmed.